**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARRELL TARVIN, INDIVIDUALLY** | § | |
| **AND D&S ENTERTAINMENT, INC.** | § | |
| **DBA SHENANIGANS** | § | **CAUSE NO. 4:12-CV-00199** |
| | § | |
| **Plaintiffs,** | § | |
| | § | **JURY DEMANDED** |
| **V.** | § | |
| | § | |
| **THE CITY OF HUNTSVILLE, TEXAS** | § | |
| **AND ALLWIN BARROW,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| **Defendants.** | § | |

**CITY OF HUNTSVILLE, TEXAS'S MEMORANDUM IN SUPPORT OF ITS MOTION**
**TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)**

Defendant, City of Huntsville, Texas, files this Memorandum in Support of its Motion to

Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) and, in

support thereof, respectfully shows as follows:

## TABLE OF CONTENTS

FACTUAL BACKGROUND ................................................................................. 1

ISSUES TO BE RULED UPON ........................................................................... 2

MOTION TO DISMISS STANDARD ................................................................. 2

ARGUMENT AND AUTHORITIES ................................................................... 4

I.    Plaintiffs Fail to State a Federal Claim Against the City upon Which Relief Could Be Granted ........................................................................................... 4

     A.    No constitutional deprivation ................................................................ 4

          1.    Plaintiffs do not state a claim under the Fifth Amendment ............................ 6

          2.    No claim under the Fourteenth Amendment for procedural due process violation ..................................................................... 7

     B.    No municipal liability against the City in the absence of a City policy and policymaker ................................................................... 8

          1.    Plaintiffs do not identify any City policy they contend caused a constitutional violation .......................................................... 9

          2.    Plaintiffs fail to identify or allege a policymaker created any policy about which Plaintiffs complain .............................................. 10

II.    Plaintiffs' State Constitutional and Common Law Claims Against the City Must Be Dismissed for Failure to State a Claim Upon Which Relief Could Be Granted ................. 12

     A.    No private right of action for money damages exists for alleged violations of the Texas Constitution ................................................................. 12

     B.    Plaintiffs' negligence and negligence *per se* claims must be dismissed because Plaintiffs fail to demonstrate a waiver of the City's immunity from suit ................................................................................................. 13

          1.    Plaintiffs do not allege any injury arose from the operation or use of a vehicle or equipment .......................................................... 14

          2.    Plaintiffs do not allege any injury was caused by any condition or use of tangible property .......................................................... 14

CONCLUSION .................................................................................................... 15

PRAYER ............................................................................................................... 15

CERTIFICATE OF SERVICE ................................................................................................... 16

# TABLE OF AUTHORITIES

## Cases

*Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674 (S.D. Tex. 2009) ......................................... 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)...................................................... 2, 3, 7

*Baldwin v. Daniels,* 250 F.3d 943 (5th Cir. 2001).............................................................. 8

*Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 117 S. Ct. 1382 (1997) ................................................................................................................... 4, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)...................................... 2, 3, 7

*Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir. 1985) ...................................................... 9

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995)........................................... 5

*Carey v. Piphus*, 435 U.S. 247, 259, 98 S. Ct. 1042 (1978) ............................................. 8

*City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995)........................................... 12

*City of Houston v. Rushing*, 7 S.W.3d 909 (Tex. App.—Houston [1st Dist.] 1999, no pet.)....... 15

*City of Mission v. Cantu*, 89 S.W.3d 795 (Tex. App.—Corpus Christi 2002, no pet.) ............... 13

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S. Ct. 915 (1988)..................................... 6, 11

*Culliver v Taylor*, 503 F.3d 397 (5th Cir. 2007)............................................................... 3

*Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339 (Tex. 1998 ................................................................................................................... 13

*Daniels v. City of Arlington, Tex.*, 246 F.3d 500 (5th Cir. 2001) .................................... 12

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993)........................... 4

*Guadalupe-Blanco River Auth. v. Pitonyak*, 84 S.W.3d 326 (Tex. App.—Corpus Christi 2002, no pet.)............................................................................................................. 13

*Holland v. City of Houston*, 41 F. Supp. 2d 678 (S.D. Tex. 1999)................................... 5

*Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396 (Tex. App.—Houston [14th Dist.] 1999, no pet.)......................................................................................................... 12

*James v. Tex. Collin County*, 535 F.3d 365 (5th Cir. 2008) ........................................... 4

*John Corp. v. Houston*, 214 F.3d 573 (5th Cir. 2000) .................................................... 8

*Kinnison v. City of San Antonio*, 727 F. Supp. 2d 548 (W.D. Tex. 2010) .................................. 12

*Languirand v. Hayden*, 717 F.2d 220, 223 (5th Cir. 1983) ..................................................... 6

*Little v. KPMG LLP*, 575 F.3d 533 (5th Cir. 2009) ................................................................. 2

*Maryland Manor Assocs. v. City of Houston*, 2011 WL 4007859, __ F. Supp. 2d __ (S.D. Tex. Sept. 8, 2011) ............................................................................................... 12

*Mascheck v. Jim Wells County, Tex.*, 2006 WL 2091005 (S.D. Tex. July 25, 2006) .................. 13

*Milam v. City of San Antonio*, 113 F. App'x 622, 626 n.3 (5th Cir. 2004) ................................ 5

*Monell v. New York Ctr. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978) ..... 4, 9, 10, 11

*Montgomery County v. Fuqua*, 22 S.W.3d 662 (Tex. App.—Beaumont 2000, no pet.) .............. 14

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) ......................................................................... 6

*Papasan v. Allain*, 478 U.S. 265, 106 S. Ct. 2932 (1986) ..................................................... 3

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S. Ct. 1292 (1986) .................................... 8

*Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002) .................................................. 5, 9

*Piotrowski v. City of Houston,* 237 F.3d 567 (5th Cir. 2001) ............................................ 4, 10

*Price v. Jefferson County*, 470 F. Supp. 2d 665 (E.D. Tex. 2006) .......................................... 5

*Santibanes v. City of Tomball, Tex.*, 654 F. Supp. 2d 593 (S.D. Tex. 2009) ............................ 6

*Snyder v. Trepagnier*, 142 F.3d 791 (5th Cir. 1998) ....................................................... 9, 10

*Spann v. Tyler Indep. Sch. Dist.*, 876 F.2d 437 (5th Cir. 1989) ............................................. 8

*Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162 (5th Cir. 1997) ............................ 10, 12

*Tex. A & M Univ. Sys. v. Luxemburg*, 93 S.W.3d 410 (Tex. App.—Houston [14th Dist.] 2002, pet. denied ............................................................................................... 12

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ................................ 13

*Tharling v. City of Port Lavaca*, 329 F.3d 422 (5th Cir. 2003) ............................................. 11

*Thomas v. City of Galveston, Tex.*, 800 F. Supp. 2d 826 (S.D. Tex. 2011) .............................. 9

*Turner v. Pleasant*, 663 F.3d 770 (5th Cir. 2011) ................................................................ 3

*Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984) .................................................... 5

*White v. Harris County, Tex.*, 2009 WL 911474 (S.D. Tex. Mar. 31, 2009)................................. 6

*Wilson v. Birnberg*, __ F.3d __, 2012 WL 88605 (5th Cir. Jan. 12, 2012).................................... 2

*Worsham v. City of Pasadena*, 881 F.2d 1336 (5th Cir. 1989)..................................................... 11

*Young v. Vannerson*, 612 F. Supp. 2d 829 (S.D. Tex. 2009)......................................................... 3

## Statutes

42 U.S.C. § 1983............................................................................................... 2, 4, 7, 8, 10

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 ......................................................... 14

## Federal

Fed. R. Civ. P. 8(a)(2)........................................................................................................ 3

Fed. R. Civ. P. 12(b)(6)........................................................................................... 1, 2, 6, 10

## Constitutional Provisions

Tex. Const. art. I, §§ 13, 19 ............................................................................................ 12

U.S. Const. amend XIV ................................................................................................... 7

U.S. Const. amend. V .................................................................................................... 6

Defendant City of Huntsville, Texas files this Memorandum in Support of its Motion to Dismiss under Rule 12(b)(6) requesting the Court dismiss all claims against it and, in support thereof, respectfully shows as follows:

### FACTUAL BACKGROUND[1]

1.     This action is brought by Tarvin, on behalf of D & S Entertainment, Inc. d/b/a Shenanigans and as the proprietor of a bar in Huntsville, Texas. The claims Tarvin and Shenanigans assert in this suit are indistinguishable. Tarvin and Shenanigans and referred to collectively throughout the petition as "Plaintiffs." As such, unless otherwise significant or material to the argument made herein, the City refers to Tarvin and Shenanigans collectively as well.

2.     Plaintiffs assert claims for money damages against the City of Huntsville, Texas and its former Police Chief, Allwin Barrow. All of Plaintiffs' claims allegedly arise out of Plaintiffs' contention that the City and Barrow are somehow responsible and civilly liable for Plaintiffs' supposed decline in business.

3.     Although Plaintiffs claim Defendants *attempted* to "shut down Plaintiffs' business concern," Pls' Pet. at 2, Plaintiffs fail to describe or identify any particular conduct on the part of the City or Barrow which Plaintiffs claim actually caused them damages. Instead, while Plaintiffs vaguely claim Defendants "employed a 'full court press'" to cause Plaintiffs' business to suffer, Pls' Pet. at 2, Plaintiffs fail to allege that any Plaintiff was actually "injured" by any allegedly unconstitutional conduct or, if so, how.

4.     Plaintiffs bring claims against the City and Barrow for alleged violations of (i) procedural due process rights under the Fifth and Fourteenth Amendments to the United States

---

[1]     All references regarding Plaintiffs' factual allegations are taken from Plaintiff's [sic] First Original Petition.

Constitution, (ii) procedural due process rights under Article I, sections 13 and 19 of the Texas

Constitution, and for (iii) negligence, and (iv) negligence *per se*. Pls' Pet. at 3.

5.    However, Plaintiffs' conclusory allegations fail to state a claim upon which relief

can be granted against the City. As such, the Court should grant the City's motion and dismiss

all of Plaintiffs' claims against the City under Rule 12(b)(6).

## ISSUES TO BE RULED UPON

A.    Plaintiffs fail to state a claim against the City under 42 U.S.C. § 1983.

   i.   Plaintiffs have no claim under the Fifth Amendment to the United States
        Constitution.

   ii.  Plaintiffs have no claim under the Fourteenth Amendment to the
        United States Constitution.

B.    Plaintiff fails to state a claim against the City for damages for alleged
       violations of the Texas Constitution, as there is no private right of
       action.

C.    Plaintiffs fail to state a claim against the City for state, common law claim of
       negligence and negligence *per se*.

## MOTION TO DISMISS STANDARD

6.    As the Court is aware, "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *accord Little v. KPMG LLP*, 575

F.3d 533, 541 (5th Cir. 2009). A court's analysis generally should focus exclusively on what

appears in the complaint. *Wilson v. Birnberg*, __ F.3d __, 2012 WL 88605, at *1 (5th Cir. Jan.

12, 2012).

7.    "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556); *Young v. Vannerson*, 612 F. Supp. 2d 829, 846 (S.D. Tex. 2009).

> Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."

*Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2) (internal citation omitted); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Plaintiffs' Petition must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability."[2] *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965, 1966 n.5.  Plaintiffs' obligation to "provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986) (internal quotations omitted)).  A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id.* at 1966.

8.      Accordingly, as here, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955. A court is not required to accept mere legal conclusions as true. *Id.* Legal conclusions, instead, "must be supported by factual allegations." *Id* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id* "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

---

[2]      "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1966) (internal quotations omitted).

to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## ARGUMENT AND AUTHORITIES

**I.      Plaintiffs Fail to State a Federal Claim Against the City upon Which Relief Could Be Granted**

9.      Plaintiffs assert claims against the City under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. The City addresses these claims in turn and demonstrates why Plaintiffs fail to state a claim against the City for which relief can be granted on each such claim.

### A.      No constitutional deprivation

10.      Because § 1983 is merely a means of enforcing rights found elsewhere, in order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Additionally, beyond showing a constitutional violation, municipal liability under § 1983 requires three additional elements: a policymaker, an official policy, and a violation of one's constitutional rights whose "moving force" is the policy Plaintiffs challenge. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S. Ct. 2018 (1978); *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001). These three so-called attribution principles "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski*, 237 F.3d at 578. Municipal liability may not be predicated on *respondeat superior, Bd. of Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997), so to state a plausible

4

claim against a city, Plaintiffs must, in addition to stating a claim of a constitutional violation, further allege facts which would allow the requisite "attribution" of such violation to the municipality itself.

11.     In order to be an official policy, an official policy must be "officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Alternatively, a policy may be alleged through facts showing a "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* Plaintiffs have alleged neither here. Importantly, "[i]t is not enough that an illegal custom exist; municipal policymakers, who are the persons capable of subjecting a municipality to liability, must be chargeable with awareness of the custom." *Milam v. City of San Antonio*, 113 F. App'x 622, 626 n.3 (5th Cir. 2004) (citing *Pineda v. City of Houston*, 291 F.3d 325, 330-31 (5th Cir. 2002)). Therefore, to state a claim, Plaintiffs must allege facts showing, *inter alia*, such awareness.

12.     Allegations of random acts or isolated incidents are not sufficient to show the existence of a custom or policy. *Price v. Jefferson County*, 470 F. Supp. 2d 665, 691 (E.D. Tex. 2006); *Holland v. City of Houston*, 41 F. Supp. 2d 678, 698 (S.D. Tex. 1999) (Crone, Mag. J.). "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy as required for municipal section 1983 liability." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). Only if the plaintiff sets forth facts demonstrating his injury actually resulted from a "permanent and well settled" practice may liability attach for

injury resulting from a local government custom. *Praprotnik,* 485 U.S. at 127, 108 S. Ct. 915; *accord Languirand v. Hayden*, 717 F.2d 220, 223 (5th Cir. 1983).

13.    Under this well-established rubric, Plaintiffs' First Original Petition clearly fails to state a civil rights claim under § 1983 for supposed violations of their Fifth and Fourteenth Amendment rights to procedural due process, particularly as against the City itself. Accordingly, Plaintiffs' § 1983 claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### 1.    Plaintiffs do not state a claim under the Fifth Amendment

14.    Plaintiffs fail to state a claim against the City based upon the Fifth Amendment. The Fifth Amendment to the United States Constitution guarantees "no person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. Plaintiffs claim, "the policies, customs and practices of the Defendants deprived Plaintiff of his right to procedural due process under the 5th and 14th Amendment[s] to the United States Constitution." Pls' Pet. at 3.

15.    Plaintiffs cannot state a claim against the City of Huntsville under the Fifth Amended because the Fifth Amendment's Due Process Clause only applies when a constitutional deprivation is caused by a *federal* actor. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). It is well-settled in this circuit that the Fifth Amendment's due process clause does not apply to actions of municipal government. *Id.*; *accord White v. Harris County, Tex.*, 2009 WL 911474, at *4 (S.D. Tex. Mar. 31, 2009) (Harmon, J.). "[T]he Fifth Amendment's 'due process' guarantee applies only to the action of the federal government, and not to the actions of individuals or of a municipal government, as in the present case. *Santibanes v. City of Tomball, Tex.*, 654 F. Supp. 2d 593, 608 (S.D. Tex. 2009) (Hoyt, J.). Plaintiffs do not allege, as they

cannot, the City of Huntsville, Texas is a *federal* actor.[3] Accordingly, Plaintiffs' allegations do not state a claim for violation of the Fifth Amendment with a request for relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949.

16.     Accordingly, because Plaintiffs cannot state a claim under the Fifth Amendment against the City, a municipal, not federal, entity, Plaintiffs' § 1983 claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### 2.     No claim under the Fourteenth Amendment for procedural due process violation

17.     Plaintiffs also fail to state a claim under the Fourteenth Amendment for an alleged procedural due process violation. The entirety of Plaintiffs' § 1983 claim under the Fourteenth Amendment states: "Additionally, Plaintiffs would show the policies, customs and practices of the Defendants deprived Plaintiff of his right to procedural due process under the 5th and 14th Amendment[s] to the United States Constitution…." Pls' Pet. at 3.  However, and again, Plaintiffs wholly fail to identify *any specific* conduct and *whose* conduct allegedly caused *any* deprivation of Plaintiffs' Fourteenth Amendment rights. Rather than identify any particular conduct, Plaintiffs only generally allege "Defendants engaged in conduct to shut down Plaintiffs' business concern." *Id.* Plaintiffs' threadbare, conclusory allegation is exactly the type of insufficient conclusory statement the Supreme Court has made abundantly clear is insufficient to state a claim upon which relief can be granted to avoid dismissal under Rule 12(6)(b).  *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964–65.

18.     Under the Due Process Clause of the Fourteenth Amendment, individuals may not be deprived of their property without "due process of law." U.S. CONST. amend XIV. Although a § 1983 claim may be brought for procedural due process violations, to *state a plausible claim,*

---

[3] Even if Plaintiffs did so allege, the Court may take judicial notice to the contrary.

Plaintiffs must first identify a protected life, liberty, or property interest and then prove governmental action resulted in a deprivation of that interest. *Baldwin v. Daniels,* 250 F.3d 943, 946 (5th Cir. 2001). Importantly, "[l]ost property is not equated with legally protected property rights in procedural due process analysis." *Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674, 690-91 (S.D. Tex. 2009) (Ellison, J.).

19.  "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259, 98 S. Ct. 1042, 1050 (1978).  Procedural due process requires the government to "follow appropriate procedures when its agents decide to deprive any person of life, liberty, or property." *John Corp. v. Houston*, 214 F.3d 573, 577 (5th Cir. 2000).  Here, in addition to failing to allege any conduct, much less unlawful conduct, by the City, Plaintiffs fail to identify a protected life, liberty, or property interest that governmental action resulted in a deprivation of that interest. In fact, against this well-settled legal framework, it seems abundantly clear that, in the absence of *any allegation* of *any actual taking*, Plaintiffs not only do not, they cannot, state a claim.

   **B.    No municipal liability against the City in the absence of a City policy and policymaker**

20.  Even if, *arguendo,* Plaintiffs had alleged non-conclusory facts showing a viable constitutional deprivation, Plaintiffs' § 1983 claims against the City still fail.  Under § 1983, a governmental entity, such as the City, may only be held liable for those acts for which it is actually responsible. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S. Ct. 1292, 1298 (1986); *accord Spann v. Tyler Indep. Sch. Dist.*, 876 F.2d 437, 438 (5th Cir. 1989). Supreme Court authority recognizes only very narrow circumstances in which a governmental entity may be held liable for the conduct of its employees, even if such conduct is unconstitutional. *Monell*

*v. New York Ctr. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). *Accord, Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998).

21.     Therefore, in light of Supreme Court and Fifth Circuit jurisprudence, to state a claim against a governmental unit, a plaintiff must, in addition to setting out a constitutional deprivation, demonstrate the existence of a policy or custom which causes the alleged constitutional deprivation.  *Monell*, 436 U.S. at 694, 98 S. Ct. at 2037-38; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985).  Specifically, Plaintiffs must identify: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom.  *Pineda*, 291 F.3d at 328.

### 1.     Plaintiffs do not identify any City policy they contend caused a constitutional violation

22.     Plaintiffs' claims against the City fail because Plaintiffs do not allege facts of any unconstitutional City policy or custom which allegedly caused a constitutional deprivation.  A governmental entity may only be liable under § 1983 if the execution of one of its policies or customs deprives a plaintiff of a constitutionally protected right.  *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997).  "[A] plaintiff suing a municipality must provide fair notice to the defendant, and this requires more than genetically restating the elements of municipal liability." *Thomas v. City of Galveston, Tex.*, 800 F. Supp. 2d 826, 843 (S.D. Tex. 2011) (Ellison, J.).

23.     Here, Plaintiffs fail to allege any facts whatsoever of any unconstitutional City policy. Indeed, Plaintiffs do not identify any City policy at all which allegedly caused them to suffer a constitutional deprivation.  Instead, Plaintiffs conclusorily allege – in one sentence – that "Plaintiffs would show the policies, customs and practices of the Defendants deprived

Plaintiff of his right to procedural due process…" Pls' Pet. at 3. Importantly, Plaintiffs do not identify any policy "the Defendants" promulgated and this bare, conclusory, statement, unsupported by any facts at all, fails under the Supreme Court's 12(b)(6) jurisprudence. Notably as well, Plaintiffs do not allege any City policy was the moving force behind their alleged constitutional deprivation. Because Plaintiffs have wholly failed to even allege facts showing the existence of a City policy which caused the alleged constitutional violation, Plaintiffs have failed to allege facts sufficient to state a claim against the City under § 1983. *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). As such, Plaintiffs' § 1983 claims against the City should be dismissed, even if the Court finds Plaintiffs stated a claim of a constitutional deprivation.

### 2.   Plaintiffs fail to identify or allege a policymaker created any policy about which Plaintiffs complain

24.   Again, even if Plaintiffs had, *arguendo,* stated *facts* suggesting a constitutional violation, the City cannot be held liable unless Plaintiff alleges facts which, if proven, would show the culpability directly attributable to a City policymaker. "Culpability includes both the involvement of a municipal policymaker and affirmative municipal action." *Piotrowski*, 237 F.3d at 578 n.16; *accord Trepagnier*, 142 F.3d 796.  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691, 98 S. Ct. at 2036. A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when the execution of the government's policy or custom…made by its lawmakers…inflicts the injury that the government as an entity is responsible under § 1983." *Id* (emphasis added).

25.    "The existence of official policymaking authority is a question of law to be decided by the court." *Tharling v. City of Port Lavaca*, 329 F.3d 422, 427 (5th Cir. 2003). "[P]olicymaking authority is more than discretion, and it is far more than the final say-so[.]" *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984) (en banc).  An employee or board of a government entity is not a "policymaker" unless the governmental entity, through its lawmakers, has delegated exclusive policymaking authority to that employee or board and cannot review the decisions or actions of the employee or board. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 926 (1988); *Tharling*, 329 F.3d at 427; *Worsham v. City of Pasadena*, 881 F.2d 1336, 1340-41 (5th Cir. 1989).

26.    Here, Plaintiffs baldly allege, without identifying any at all that; "the policies, customs and practices" are "of the Defendants." Pls' Pet. at 3. Again, since the identification of a policymaker is a question of law, not fact, *Praprotnik, supra,* to state a claim, Plaintiffs must identify a legal basis – which they fail to do – to identify an alleged policymaker.  Because municipal liability under § 1983 is a rare exception, this is not something the Plaintiffs can just "make up" with the type of bald, unsupported, factual allegation they advance in a desperate attempt to state a claim against the City. Plaintiffs fail to identify a policymaker or allege a City policy that caused their alleged injury. The City's policy must be established *by its lawmakers*, not its employees. *See Monell*, 436 U.S. at 694, 98 S. Ct. at 2037–38.  Plaintiffs' conclusory allegations, with no supporting facts, are insufficient to raise their claim for relief above a speculative level.

27.    Because Plaintiffs wholly fail to even allege facts showing the existence of a City policy, let alone a policymaker, which caused an alleged constitutional violation, Plaintiffs have failed to allege facts sufficient to state a claim on this requisite element as well. *See Spiller*, 130

F.3d at 167.  As such, Plaintiffs' § 1983 claims against the City should be dismissed, even if the Court finds Plaintiffs have stated a claim of a constitutional deprivation.

II.    **Plaintiffs' State Constitutional and Common Law Claims Against the City Must Be Dismissed for Failure to State a Claim Upon Which Relief Could Be Granted**

    A.    **No private right of action for money damages exists for alleged violations of the Texas Constitution**

    28.    Plaintiffs seek monetary damages for alleged violations of the Texas Constitution, specifically Article I, sections 13 and 19. Pls' Pet. at 3. But Plaintiffs lack a private right of action for damage under the Texas Constitution and, therefore, have failed to state a plausible claim for relief.

    29.    It is beyond any reasonable argument that Texas law does not afford one a private right of action for damages for violations of the Texas Constitution. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 507 & n.33 (5th Cir. 2001); *Maryland Manor Assocs. v. City of Houston*, 2011 WL 4007859, at *10, __ F. Supp. 2d __ (S.D. Tex. Sept. 8, 2011) (Rosenthal, J.); *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995); *Tex. A & M Univ. Sys. v. Luxemburg*, 93 S.W.3d 410, 425 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (noting *Bouillion* is not limited to the specific constitutional provisions at issue in *Bouillion*); *see also Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 400 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (collecting cases) (same); *compare Kinnison v. City of San Antonio*, 727 F. Supp. 2d 548, 558 (W.D. Tex. 2010) (dismissing "due course of law" claim under Article I, Section 19 of the Texas Constitution because plaintiff lacked private cause of action for damages)

    30.    Accordingly, Plaintiffs' claims against the City for money damages under their state constitutional claims should be dismissed for failure to state a claim upon which relief can be granted.

**B.     Plaintiffs' negligence and negligence *per se* claims must be dismissed because Plaintiffs fail to demonstrate a waiver of the City's immunity from suit**

31.     Plaintiffs also bring state, common law, claims for negligence and negligence *per se* against the City. Pls' Pet. at 3. Plaintiffs fail to specifically identify the City's conduct, through its officials, which Plaintiffs contend constitutes negligence or negligence *per se*. Likewise, Plaintiffs do not identify any statutory authority upon which they base their negligence *per se* claim. In any event, Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted.

32.     The TTCA provides a limited waiver of the City's governmental immunity in three areas: (i) use of publicly owned automobiles, (ii) premises defects, and (iii) injuries arising out of conditions or uses of certain property. *E.g.*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004). However, Plaintiff's claims against the City fail because Plaintiff does not allege facts showing any waiver of the City's immunity under § 101.021 of the Tort Claims Act, which provides the only potentially applicable waiver of immunity raised by Plaintiff's allegations. ***Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339 (Tex. 1998)**. The specific limited bases for waiver of governmental immunity under the TTCA do not apply in this case to waive the City's immunity from suit.

33.     To be sure, merely alleging negligence *per se* is insufficient to state a claim under the Texas Tort Claims Act. *City of Mission v. Cantu*, 89 S.W.3d 795, 806-07 n.17 (Tex. App.—Corpus Christi 2002, no pet.). The alleged negligence *per se* must still fall within the limited waiver of immunity set out in § 101.021 of the Texas Tort Claims Act in order for this Court to have jurisdiction over Plaintiffs' claims. *Id.*; *compare Mascheck v. Jim Wells County, Tex.*, 2006 WL 2091005, at *3 (S.D. Tex. July 25, 2006) (Head, C. J.); *Guadalupe-Blanco River Auth. v. Pitonyak*, 84 S.W.3d 326, 344 (Tex. App.—Corpus Christi 2002, no pet.). Therefore, as

13

more fully discussed *infra*, because Plaintiffs fail to plead a waiver of immunity as to the claimed negligence or the alleged negligence *per se*, Plaintiffs' claims should be dismissed.

34.     Plaintiffs fail to allege any facts showing how their negligence and negligence *per se* claims fall within any of the specific limited areas of waiver permitted by the Act. Thus, the City's governmental immunity has not been waived. Plaintiffs fail to allege facts establishing waiver of the City's governmental immunity and, accordingly, have failed to state a claim upon which relief may be granted against the City.  *See Montgomery County v. Fuqua*, 22 S.W.3d 662, 665 (Tex. App.—Beaumont 2000, no pet.).

### 1.     Plaintiffs do not allege any injury arose from the operation or use of a vehicle or equipment

35.     Plaintiffs fail to establish a waiver of the City's immunity under § 101.021(1) of the Tort Claims Act because Plaintiffs fail to allege facts showing any injury of which they complain was caused by a City employee's negligent operation or use of a motor-driven vehicle or equipment. Plaintiffs in this matter do not allege facts – as they cannot – showing their alleged harm resulted from the operation or use of motor-driven equipment or a vehicle. Therefore, Plaintiffs' allegations fail to establish any waiver of the City's immunity under § 101.021(1).

### 2.     Plaintiffs do not allege any injury was caused by any condition or use of tangible property

36.     Similarly, Plaintiffs fail to allege any facts showing any injuries of which they complain were caused by any condition or use of tangible property. "Section 101.021(2) [of the Texas Tort Claims Act] requires that for immunity to be waived, personal injury or death must be proximately caused by the condition or use of tangible property." *Bossley*, 968 S.W.2d at 343.  Where the allegation stems from negligent judgment or human error, rather than a use or misuse of tangible property, artful pleadings fail to satisfy the limited waiver of immunity

contained in § 101.021. *City of Houston v. Rushing*, 7 S.W.3d 909, 915 (Tex. App.—Houston [1st Dist.] 1999, no pet.) .

37.    In this case, Plaintiffs have not alleged any facts whatsoever to support any waiver of the City's governmental immunity, much less even refer to an alleged waiver of immunity. Accordingly, Plaintiffs also have not alleged facts which would establish a waiver of the City's immunity under the requirements of § 101.021(2).

## CONCLUSION

Plaintiffs' Petition against the City must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiffs' conclusory allegations do not state a claim against the City. The City prays that all claims against it in this case be dismissed and for such other relief as to which it may be entitled.

## PRAYER

Based upon the foregoing, the City of Huntsville, Texas prays that the Court grant its Motion to Dismiss, dismiss all claims and allegations against it, tax costs against Plaintiffs, and afford the City all other relief to which it is justly entitled.

Respectfully Submitted,

CHAMBERLAIN, HRDLICKA, WHITE
WILLIAMS & AUGHTRY

By: ____/s/ William S. Helfand_____
William S. Helfand
Texas State Bar No. 09388250
Attorney-in-Charge
Kellen R. Scott
Texas State Bar No. 24070579
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 (Fax)

ATTORNEYS FOR DEFENDANT
CITY OF HUNTSVILLE, TEXAS

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on all attorneys of record by first class U.S. Mail, facsimile, or certified mail, return receipt requested, or by the Court's electronic filing system on the 6th day of February 2012.

David Hammit
Attorney at Law
109 South Madison Street
Madisonville, Texas 77864

____/s/ William S. Helfand_____

956243

16