IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DARRELL TARVIN, INDIVIDUALLY** | § | |
| **AND D&S ENTERTAINMENT, INC.** | § | |
| **DBA SHENANIGANS** | § | **CAUSE NO. 4:12-CV-00199** |
| | § | |
| Plaintiffs, | § | |
| | § | **JURY DEMANDED** |
| V. | § | |
| | § | |
| **THE CITY OF HUNTSVILLE, TEXAS** | § | |
| **AND ALLWIN BARROW,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| Defendants. | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE

1.   State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.

The City's counsel wrote three letters to Plaintiffs' counsel: on February 28, 2012, March 22, 2012, and April 17, 2012, to schedule a time to confer in accordance with Rule 26 and discuss the information required to be set forth in this joint discovery/case management plan. Plaintiffs' counsel responded to the February 28, 2012 letter by indicating Plaintiff was retaining different or additional counsel. Plaintiffs' counsel did not respond to the last two letters. Even though the parties have not conferred, the City submits the following information for the joint discovery/case management plan.

> CHAMBERLAIN, HRDLICKA, WHITE,
>     WILLIAMS & AUGHTRY
> Kellen R. Scott
> State Bar No. 24070579
> Federal ID No. 1054528
> kellen.scott@chamberlainlaw.com
> 1200 Smith, Suite 1400
> Houston, Texas  77002
> Telephone: (713) 658-1818
> Telecopier: (713) 658-2553
> **Attorneys for Defendant**
> **City of Huntsville, Texas**

**2.** **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

None.

**3.** **Briefly describe what this case is about.**

This action is brought by Tarvin, on behalf of D & S Entertainment, Inc. d/b/a Shenanigans and as the proprietor of a bar in Huntsville, Texas. Plaintiffs assert claims for money damages against the City of Huntsville, Texas and its former Police Chief, Allwin Barrow. All of Plaintiffs' claims allegedly arise out of Plaintiffs' contention that the City and Barrow are somehow responsible and civilly liable for Plaintiffs' supposed decline in business.

Plaintiffs fail to describe or identify any particular conduct on the part of the City or Barrow which Plaintiffs claim actually caused them damages. Plaintiffs also fail to allege that any Plaintiff was actually "injured" by any allegedly unconstitutional conduct or, if so, how.

Plaintiffs bring claims against the City and Barrow for alleged violations of (i) procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, (ii) procedural due process rights under Article I, sections 13 and 19 of the Texas Constitution, and for (iii) negligence, and (iv) negligence *per se*.

**4.** **Specify the allegation of federal jurisdiction.**

The City removed this action from the 12th Judicial District Court of Walker County, Texas, based upon federal question jurisdiction. 28 U.S.C. § 1331.

**5.** **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

None.

**6.** **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None anticipated at this time.

**7.** **List anticipated interventions.**

None anticipated at this time.

**8.** **Describe class-action issues.**

The dispute does not present any class-action issues at this time.

2

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The City served its initial disclosures required by Rule 26(a) on April 17, 2012. Plaintiffs have not served their disclosures.

10. **Describe the proposed agreed discovery plan, including:**

    a.  **Responses to all the matters raised in Rule 26(f).**

        See the City's responses herein.

    b.  **When and to whom the plaintiff anticipates it may send interrogatories.**

    c.  **When and to whom the defendant anticipates it may send interrogatories.**

        The City anticipates it will send interrogatories to Plaintiffs after Plaintiffs' depositions.

    d.  **Of whom and by when the plaintiff anticipates taking oral depositions.**

    e.  **Of whom and by when the defendant anticipates taking oral depositions.**

        The City anticipates taking Plaintiffs' deposition within sixty (60) days of the submission of this report.

    f.
    
    (i)  **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

    (ii) **Specify the date experts for defendant will be designated and their reports provided to opposing party.**

        The City proposes its expert deadline should be sixty (60) days after Plaintiffs' expert designation and report deadline.

    g.  **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

3

      h.      **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

           The City anticipates taking the deposition of any experts Plaintiffs designate within the period provided for discovery as set forth in the Scheduling Order.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.**    **State the date the planned discovery can reasonably be completed.**

November 30, 2012.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Before Plaintiffs filed suit, the City requested Plaintiffs identify what causes of action they believed they had against the City and also to produce documents which Plaintiffs contend substantiate their damages allegations. Plaintiffs chose not do so and, instead, filed this suit. The City is willing to entertain reasonable settlement discussions once Plaintiffs provide their initial disclosures and documents used to calculate their alleged damages.

**15.**    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Before Plaintiffs filed suit, the City requested Plaintiffs identify what causes of action they believed they had against the City and also to produce documents which Plaintiffs contend substantiate their damage allegations. Plaintiffs chose not do so and, instead, filed this suit.

**16.**    **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

The City believes mediation may be an effective mechanism to help efficiently resolve this dispute once further discovery takes place.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties have not conferred regarding whether they jointly agree to a trial before a Magistrate Judge. Should the parties jointly agree, they will submit a Consent to Proceed Before a Magistrate Judge form to the Court.

18. **State whether a jury demand has been made and if it was made on time.**

    The City timely demanded a jury trial in its Original Answer and Defenses filed in state court immediately prior to removal.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The City believes it will take a maximum of 16 to 24 hours to present the evidence in this case. This estimate, however, is subject to change upon further discovery.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    The City's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted [Doc. Nos. 4 & 5].

    The City's Motion to Dismiss Plaintiff's Claims Against Unserved Defendant, Allwin Barrow, for Failure to Timely Effect Service of Process under F.R.C.P. 4(m) [Doc. No. 7].

21. **List other pending motions.**

    None other than those identified above.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

    Plaintiffs have not filed their Disclosure of Interested Persons. The City filed its Disclosure of Interested Persons on January 27, 2012.

**24.** List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.

| | |
|---|---|
| David Hammit<br>wes@hammitlaw.com<br>State Bar No. 08857660<br>109 Madison St.<br>Madisonville, Texas 77864<br>Telephone: (936) 349-1600<br>Telecopier: (936) 349-0505<br><br>**ATTORNEY FOR PLAINTIFFS** | CHAMBERLAIN, HRDLICKA, WHITE,<br>      WILLIAMS & AUGHTRY<br>William S. Helfand<br>Attorney-in-Charge<br>bill.helfand@chamberlainlaw.com<br>State Bar No. 09388250<br>Federal ID No. 8791<br>Kellen R. Scott<br>kellen.scott@chamberlainlaw.com<br>State Bar No. 24070579<br>Federal ID No. 1054528<br>1200 Smith, Suite 1400<br>Houston, Texas 77002<br>Telephone: (713) 658-1818<br>Telecopier: (713) 658-2553<br><br>**ATTORNEYS FOR DEFENDANT**<br>**CITY OF HUNTSVILLE, TEXAS** |

/s/ Kellen R. Scott                    4/20/12
Counsel for the City of Huntsville, Texas         Date

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been automatically forwarded to the following counsel of record in accordance with the District's electronic delivery system on this 20th day of April 2012:

David Hammit
Attorney at Law
109 South Madison Street
Madisonville, Texas 77864

                                        /s/ Kellen R. Scott

1007323_1