UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D&S ENTERTAINMENT, INC.; dba SHENANIGANS, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-199 |
| | § | |
| CITY OF HUNTSVILLE, TEXAS, *et al*, | § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant City of Huntsville's ("City") motion to dismiss Plaintiffs Darrel Tarvin and D&S Entertainment, Inc.'s original petition. Doc. 4. Defendant moved to dismiss under Rule 12(b)(6) on the grounds that Plaintiffs' conclusory allegations do not state a claim against the City. *Id.* The City also has moved to dismiss Plaintiffs' claims against unserved Defendant Allwin Barrow ("Barrow"), its chief of police, for failure to timely effect service of process under Federal Rules of Civil Procedure Rule 4(m). Doc. 7 supplemented by Doc. 10. Barrow has also filed a notice of initiation of proceeding under the Bankruptcy Code. Doc. 11.

Having considered the City's motion, the facts of this case, and the applicable law, the Court finds that City's motion to dismiss Tarvin and D&S Entertainment should be granted. Additionally, Plaintiffs' claims against Barrow are automatically stayed by 11 U.S.C. § 362.

Background and Relevant Facts

Plaintiffs' original petition is devoid of any facts indicating the nature of their claims against the City. In their original petition, Plaintiffs allege that they "operated a private business concern." Doc. 1-1 at 4. Plaintiffs fail to identify the nature of that business. The caption of the

case suggests that Plaintiffs may run a restaurant, while the City states that Plaintiffs own a bar. Doc. 5 at 7. Plaintiffs state, without identifying the nature of the City's actions, that "[the City] deprived him [sic] of certain rights, privileges and/or immunities secured by the United States Constitution and the laws of the United [S]tates and the State of Texas." Doc. 1-1 at 4. Plaintiffs do not identify the rights, privileges, or immunities. They do not state how the City deprived them of any of these rights, nor do they identify, in any way, any course of conduct giving rise to this suit.

Plaintiffs conclusorily and vaguely assert that the City "employed a 'full court press,' . . . to shut down Plaintiffs' business concerns" causing the "Plaintiffs' business to suffer materially" through a loss of income and a loss of customers. *Id.* Plaintiffs do not elaborate on what constituted this "full court press." Plaintiffs further assert that the conduct complained of was committed by "a person and/or persons acting under a color of state law and the conduct deprived Plaintiffs' of rights, privileges and/or immunities secured by the Constitution and the laws of the United States." *Id.* at 5. Plaintiffs have failed to identify the person or persons who committed these alleged wrongs.

Plaintiffs vaguely state that the City "abused their position given to them by the State to deprive Plaintiff of his right," and that "the City's actions and/or conduct [therefore] satisfy the State action requirement of the 14th amendment and . . . support this action pursuant to 42 U.S.C. § 1983 and its Texas counter part [sic]." *Id.* Plaintiffs plan to show the Court that the "City deprived Plaintiffs of [their] right to procedural due process under the 5th and 14th Amendment[s] . . . and Art. 1 § 13 and § 19 of the Texas Constitution" and are a "proximate cause of Plaintiffs' damages." *Id.* Additionally, Plaintiffs allege that the City also "engaged in actions and omission that constitute negligence and negligence per se, which were a proximate cause of Plaintiffs'

damages." *Id.*

Because under 42 U.S.C. § 1983 a suit against the chief of police in his official capacity is a suit against the City, and because Plaintiffs have not alleged any facts showing Barrow was personally involved, his presence in this suit is duplicative. *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). Rather than severing the claims against him and administratively closing the case because of the automatic bankruptcy stay, the Court grants the City's motion to dismiss Barrow.

On December 2, 2011, Plaintiffs filed their original petition in the 12th Judicial District of Walker County, Texas seeking judgment against Defendants (City of Huntsville and Barrow) to obtain damages from Plaintiffs' loss of business. Doc. 1-1. On January 20, 2012, the City removed the case to this Court alleging federal question jurisdiction. Doc. 1 at 2. On February 6, 2012, the City filed a motion to dismiss Plaintiffs' original petition on the grounds that "Plaintiffs' conclusory allegations fail to state a claim upon which relief can be granted." Doc. 5 at 8. Plaintiffs have had sufficient time to respond to that motion and have failed to do so.

Analysis

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). While the pleading "need not contain detailed factual allegations . . . it must allege enough facts to move the claim across the line from conceivable to plausible." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), as revised (Dec. 16, 2011) (citing *Twombly,* 550 U.S. at 570) (internal quotations omitted). "Determining whether the plausibility standard has been met is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.*

Plaintiffs' original petition fails to provide any facts that would state a claim for relief. Plaintiffs do not identify the nature of their business, nor even its name. They do not state the purported wrong the City engaged in that would lead to a claim for damages, nor do they state what damages they actually incurred. Plaintiffs reference various state and federal constitutional protections, but have given the Court no basis on which to infer that the City's actions may have violated them. Nor have Plaintiffs stated what actions or omissions by the City would constitute negligence or negligence per se. Doc. 1-1 at 4-5.

The Supreme Court has stated that under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). Here, Plaintiffs have made no more than the unadorned and insufficient accusation that the City has harmed them. Because Plaintiffs fail to state a claim on which relief can be granted, the Court hereby

**ORDERS** that Defendant City of Huntsville's motion to dismiss (Doc. 4) Plaintiffs Darrell Tarvin and D&S Entertainment, Inc.'s original petition (Doc. 1-1) is **GRANTED** without prejudice to Plaintiffs' right to file an amended complaint that adequately states a claim for relief within twenty days.  **Failure to file a timely amended complaint will result in the dismissal of the complaint.**  Further, the Court

**ORDERS** that Defendant City of Huntsville, Texas's motion to dismiss Defendant Allwin Barrow is **GRANTED** and Plaintiffs' claims against Defendant Allwin Barrow are **DISMISSED** with prejudice. Doc. 7.

SIGNED at Houston, Texas, this 13th day of September, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE